# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN JOSE DIVISION*



RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF SAN JOSE

## THE UNITED STATES OF AMERICA

### *vs.*

**DAVID RUSSELL FOLEY, and**
**MICHAEL DADDONA,**

## SUPERSEDING INDICTMENT

*SEE ATTACHMENT*

*A true bill.*

*Foreperson*

*Filed in open court this* ___17th___ *day of* ___August___

*A.D. 2011*

_____
UNITED STATES MAGISTRATE JUDGE

NO PROCESS

**Bail $** _____

## SUPERSEDING INDICTMENT COVER SHEET

### United States v. David Russell Foley and Michael Daddona
Criminal Case No. CR-09-670-EJD

**Count 1:** **18 U.S.C. §§ 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud** (Foley and Daddona)

**Counts 2-24:** **18 U.S.C. §§ 2320(a), and 2–Trafficking in Counterfeit Goods; Aiding and Abetting** (Foley and Daddona)

**Count 25:** **18 U.S.C. §2314 and 2–Transportation of Stolen Goods; Aiding and Abetting** (Foley Only)

**Count 26:** **18 U.S.C. §§ 1832(a)(1)–Theft of Trade Secrets** (Foley Only)

**Counts 27-31:** **18 U.S.C. §§ 1341 and 2–Mail Fraud; Aiding and Abetting** (Foley and Daddona)

**Counts 32-42:** **18 U.S.C. §§ 1343 and 2–Wire Fraud; Aiding and Abetting** (Foley and Daddona)

**Count 43:** **18 U.S.C. §§ 1956(h)–Conspiracy to Commit Money Laundering; Aiding and Abetting** (Foley and Daddona)

**Counts 44-48:** **18 U.S.C. §§ 1956(a)(1)(B)(i)–Money Laundering to Conceal Illegal Activity Aiding and Abetting** (Foley and Daddona)

**Counts 49-53:** **18 U.S.C. §§ 1957–Engaging In Money Laundering Transactions In Property Derived From Specified Unlawful Activity** (Foley Only)

MELINDA HAAG (CSBN 132612)
United States Attorney

FILED

2011 AUG 18  P 1:18

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CA. SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-09-670-EJD |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud; 18 U.S.C. § 2320(a) - Trafficking in Counterfeit Goods; 18 U.S.C. § 2314 - Transportation of Stolen Goods; 18 U.S.C. § 1832(a)(1) - Theft of Trade Secrets; 18 U.S.C. § 1341 - Mail Fraud; 18 U.S.C. § 1343 - Wire Fraud; 18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering; 18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering to Conceal Illegal Activity; 18 U.S.C. § 1957(a) - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity. |
| v. | |
| DAVID RUSSELL FOLEY, and MICHAEL DADDONA, | |
| Defendants. | |
| | SAN JOSE VENUE |

## S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

### BACKGROUND

At all times relevant to this Superseding Indictment:

1.      Global VR was a corporation located in San Jose, California, engaged in the business of the development and sale of coin-operated arcade video games based on home

SUPERSEDING INDICTMENT
[CR-09-670-EJD]

gaming technology.

2.      Defendant DAVID RUSSELL FOLEY ("FOLEY") resided in Los Gatos, California.  From approximately 2003 to 2006, FOLEY owned and operated an arcade video game company called UltraCade Technologies (Ultracade) in San Jose, California.  Ultracade's core business was centered upon the sale of video games licensed from and developed by third parties, specifically for the coin-operated video arcade gaming market.  FOLEY owned all the rights to the intellectual property developed by Ultracade and held all the licenses granted to Ultracade.

3.      Defendant MICHAEL DADDONA ("DADDONA") owned and operated a coin-operated vending and arcade game business called Automated Services in Milford, Connecticut.

4.      Global VR and Ultracade entered into negotiations to evaluate an acquisition of the assets of both Ultracade and FOLEY through an Asset Purchase Transaction.  On December 8, 2005, Ultracade and Global VR signed a Memorandum of Understanding memorializing the parties' intentions.  On June 2, 2006, all of the assets of Ultracade and the assets FOLEY owned in Ultracade were conveyed to Global VR through a third party.  As part of the purchase, Global VR obtained all of Ultracade's and FOLEY's ownership interests in the subject technology and assets.  FOLEY, who had been a part of the development of some of Ultracade's products, also signed over all intellectual property titled in his own name.  All UltraCade's licensing rights were also transferred to Global VR.

5.      Beginning on June 2006, FOLEY was employed by Global VR as the Chief Technology Officer and was obligated under his Employment and Confidentiality agreements with Global VR to maintain the proprietary and confidential information in confidence and to act in Global VR's best interests, even after he stopped working for Global VR.

6.      One of the products that Ultracade sold was an item called a game pack.  A game pack was a collection of video games that could be loaded onto arcade video game machines. Ultracade transferred the rights to produce and sell its game packs to Global VR as part of the Asset Purchase Transaction described above.  Ultracade also sold games that were never licensed to Ultracade or to FOLEY.

SUPERSEDING INDICTMENT
[CR-09-670-EJD]                              2

7.     In order to manufacture a game pack, a machine called a "fob burner" was used to transfer the intellectual property belonging to Global VR onto a "key fob" or portable thumb drive. A fob burner was a computer built using a specific motherboard and containing the proprietary fob-loading software. The software was downloaded to a key fob using an operating system that read and decrypted only Global VR games, and could be inserted into a computer to create individual game packs or full arcade systems. The license to use the key fob loading code was transferred from Ultracade and FOLEY to Global VR through the Asset Purchase Transaction. The game packs themselves contained intellectual property of third parties, as well as game files that contained the Global VR proprietary code that allowed the games to be transferred onto certain arcade machines.

8.     On September 23, 2006, FOLEY was terminated from his employment at Global VR after an internal investigation revealed that FOLEY continued to sell Ultracade game packs for his own benefit, even after FOLEY had agreed to and had been compensated for the transfer of his intellectual property to Global VR.

COUNT ONE:        (18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud)

9.     The factual allegations in Paragraphs 1 through 8 are re-alleged and incorporated herein as if set forth in full.

10.    Beginning on a date unknown, but by no later than in or about June 2006, and continuing to on or about February 2008, in the Northern District of California and elsewhere, the defendants

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, and agreed to commit mail fraud and wire fraud in violation of Title 18, United States Code, Sections 1341 and 1343.

MANNER AND MEANS OF THE CONSPIRACY

11.    It was part of the scheme and artifice to defraud that FOLEY, after reaping the

SUPERSEDING INDICTMENT
[CR-09-670-EJD]                                    3

benefits from the sale of Ultracade to Global VR, retained and stole the intellectual property and trade secrets belonging to Global VR, and secretly manufactured and sold counterfeit game packs containing video arcade games with counterfeit markings belonging to Global VR to DADDONA and Automated Services for his own financial benefit.

12.     As a further part of the conspiracy and scheme and artifice to defraud, FOLEY retained the intellectual property and trade secrets belonging to Global VR, and used materials purchased by Global VR, and other equipment belonging to Global VR, to manufacture and produce counterfeit game packs and complete video arcade game systems with counterfeit markings.

13.     As a further part of the conspiracy and scheme and artifice to defraud, FOLEY manufactured counterfeit game packs by using and including the proprietary code that enabled the games belonging to and licensed by Global VR, as well as games not licensed by Global VR, but owned by third party gaming software developers, to be played on the video arcade game platform belonging to Global VR.

14.     As a further part of the conspiracy and scheme and artifice to defraud, and unbeknownst to Global VR, beginning on a date unknown, but no later than on June 2, 2006, and continuing to approximately January 30, 2008, FOLEY manufactured game packs (hereinafter "counterfeit game packs") at his residence using a fob burner stolen from Ultracade, along with approximately 1,500 blank key fobs also stolen from Ultracade, and an additional 200 blank key fobs that FOLEY ordered from another source and charged to Global VR.  FOLEY used the licensed operating system on the key fob burner to manufacture the counterfeit game packs for his own benefit.

15.     As a further part of the conspiracy and scheme and artifice to defraud, FOLEY then sold the counterfeit game packs he manufactured to DADDONA.  The proceeds paid to FOLEY for the counterfeit game packs were not recorded in Global VR's accounting records.

16.     As a further part of the conspiracy and scheme and artifice to defraud, FOLEY sold a key fob burner to DADDONA, so that DADDONA could manufacture games packs loaded with the intellectual property and trade secrets that belonged to Global VR and others.

SUPERSEDING INDICTMENT
[CR-09-670-EJD]                              4

17.     As a further part of the conspiracy and scheme and artifice to defraud, DADDONA paid FOLEY for the counterfeit game packs using checks made payable to FOLEY. At FOLEY's direction, DADDONA also paid FOLEY for the counterfeit game packs by sending checks and wire transfers to a company called Toaplan, which was an entity established and controlled by FOLEY. At FOLEY's direction, DADDONA also paid FOLEY for the counterfeit game packs by sending checks and wire transfers to a Bank of America account in the name of B.B. After deposits were made into the B.B. bank account, the majority of the funds were transferred to Bank of America Account No. XXXXXX5625, belonging to FOLEY.

18.     As a further part of the conspiracy and scheme and artifice to defraud DADDONA, on behalf of Automated Services, advertised and sold the counterfeit game packs and arcade systems as authentic Global VR products on eBay, an online auction market website. The counterfeit game packs were sold at significantly lower prices than the retail prices charged by Global VR.

19.     As a further part of the conspiracy and scheme and artifice to defraud, consumers would and did send payments for the counterfeit game packs to Automated Services and DADDONA by mail or by wire transfers of funds through PayPal, an online money transfer service.

20.     As a further part of the conspiracy and scheme and artifice to defraud, after DADDONA received payment for what was represented to consumers to be new and genuine Global VR product, DADDONA arranged for Automated Services to mail the counterfeit game packs to the consumers nationwide.

21.     As a further part of the scheme and artifice to defraud, and in an attempt to conceal FOLEY's illicit activity from his employer, Global VR, FOLEY instructed, encouraged, and otherwise caused DADDONA to lie to representatives of Global VR when DADDONA was asked why he had not purchased the regular supply of game packs from Global VR.

All in violation of 18 U.S.C. § 1349.

SUPERSEDING INDICTMENT
[CR-09-670-EJD]                                        5

COUNTS TWO THROUGH TWENTY-FOUR:   (18 U.S.C. §§ 2320(a) and 2 - Trafficking in Counterfeit Goods; Aiding and Abetting)

22.     The factual allegations in Paragraphs 1 through 8 are re-alleged and incorporated herein as if set forth in full.

23.     On or about the dates set forth in the separate counts below, in the Northern District of California, and elsewhere, the defendants

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

did intentionally traffic in goods and knowingly use counterfeit marks on and in connection with those goods, by knowingly transporting, transferring, and disposing of for value, the following packages of the below-listed counterfeit game packs and arcade systems:

| Count | Date | Item |
|---|---|---|
| 2 | 06/29/06 | Casino Pack for Ultracade |
| 3 | 08/26/06 | Taito Arcade Classics Pack for Arcade Legends |
| 4 | 09/22/06 | Trackball Classics Pack for Ultracade |
| 5 | 10/09/06 | Midway Arcade Treasures for Arcade Legends |
| 6 | 03/07/06 | Lost Treasures for Arcade Legends |
| 7 | 03/18/06 | Sports Pack for Arcade Legends |
| 8 | 04/06/07 | Space Invaders for Ultracade |
| 9 | 09/09/07 | Dragon's Lair Anniversary Pack for Ultracade |
| 10 | 12/11/07 | Mega Pack for Arcade Legends |
| 11 | 1/28/08 | Custom F Pack for Arcade Legends |
| 12 | 12/22/06 | Frogger for Ultracade |
| 13 | 5/10/07 | Frogger for Ultracade |
| 14 | 5/10/07 | Gyruss for Ultracade |
| 15 | 3/8/07 | Ms. Pacman for Ultracade |
| 16 | 3/8/07 | Pacman for Ultracade |
| 17 | 5/10/07 | Xevious for Ultracade |
| 18 | 3/8/07 | Xevious for Ultracade |
| 19 | 5/10/07 | Donkey Kong for Ultracade |

| 20 | 5/10/07 | Donkey Kong 3 for Ultracade |
| 21 | 5/10/07 | Donkey Kong Jr. for Ultracade |
| 22 | 4/10/07 | Mario Brothers for Ultracade |
| 23 | 1/29/07 | Jungle Hunt for Arcade Legends |
| 24 | 1/9/07 | Elevator Action for Arcade Legends |

All in violation of 18 U.S.C. §§ 2320(a) and 2.

COUNT TWENTY-FIVE:    (18 U.S.C. §§ 2314 and 2 - Transportation of Stolen Goods; Aiding and Abetting)

24.    The factual allegations in Paragraphs 1 through 8 are hereby realleged and incorporated by reference as if set forth in full herein.

25.    Beginning on or about June 2006, and ending on or about January 2008, the defendant

DAVID RUSSELL FOLEY

did knowingly transport, transmit, and transfer in interstate commerce, that is, from California to Connecticut, goods of the value of $5,000 or more, to wit: a key fob burner containing the intellectual property and proprietary code belonging to and licensed by Global VR, knowing the same to have been stolen, converted and taken by fraud.

All in violation of 18 U.S.C.§§ 2314 and 2.

COUNT TWENTY-SIX: (18 U.S.C. § 1832(a)(1) - Theft of Trade Secrets)

26.    The factual allegations in Paragraphs 1 through 8 are hereby realleged and incorporated by reference as if set forth in full herein.

27.    Beginning on or about June 2006, and ending on or about January 2008, in the Northern District of California, the defendant

DAVID RUSSELL FOLEY

with intent to convert a trade secret, that is related to and included in products that are produced for and placed in interstate commerce, specifically the Ultracade software delivery mechanism enabling the games contained in the Ultracade game packs to be played on the Ultracade

SUPERSEDING INDICTMENT
[CR-09-670-EJD]                              7

propriety multi-game gaming systems, intending that the theft would economically benefit someone other than Global VR, and intending and knowing that the offense would injure Global VR, did steal and without authorization, appropriate and take such information.

All in violation of 18 U.S.C. § 1832(a)(1).

COUNTS TWENTY-SEVEN THROUGH THIRTY-ONE: (18 U.S.C. §§ 1341 and 2 - Mail Fraud; Aiding and Abetting)

28.     The factual allegations in Paragraphs 1 through 8 and 11 through 21 are hereby realleged and incorporated by reference as if set forth in full herein.

29.     On or about the dates listed below, in the Northern District of California and elsewhere,

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

having devised the above-described scheme and artifice to defraud and obtain money by means of material false and fraudulent pretenses, representations, and promises, caused to be deposited matters and things in the Northern District of California, that is, game packs and video arcade units, to be sent and delivered by a private and commercial interstate carrier, that is, United Parcel Service, as set forth in the separate counts below:

| Count | Date | Item Mailed | Addressee |
|-------|------|-------------|-----------|
| 27 | 6/29/06 | Casino Pack for Ultracade; Galaxian Pack for Ultracade; Space Invaders Deluxe for Ultracade | S.M. in Danville, California |
| 28 | 10/12/06 | Midway Arcade Treasures 1 Pack for Arcade Legends; Arcade Pack 4 for Arcade Legends including Mario Bros. Popeye and Moon Patrol | T.T. in Danville, California |
| 29 | 6/01/07 | Donkey Kong, Mario Popeye for Arcade Legends | J.B. in San Jose, California |

SUPERSEDING INDICTMENT
[CR-09-670-EJD]                                    8

| 30 | 9/9/07 | Dragon's Lair Anniversary Pack for Ultracade; Taito arcade Classics Pack for Ultracade | A.E. in Sunnyvale, California |
| 31 | 12/10/07 | Treasures 1 Pack for Ultracade; Sports Pack for Ultracade; Mario Bros., Frogger, Elevator Action, Zookeeper for Ultracade; King Pack for Ultracade | R.C. in Foster City, California |

All in violation of 18 U.S.C. §§ 1341 and 2.

COUNTS THIRTY-TWO THROUGH FORTY-TWO :     (18 U.S.C. §§ 1343 and 2 - Wire Fraud; Aiding and Abetting)

30.     The factual allegations in Paragraphs 1 through 8 and 11 through 21 are hereby realleged and incorporated by reference as if set forth in full herein.

31.     On or about the dates listed below, in the Northern District of California and elsewhere, the defendants,

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

having devised the above-described scheme and artifice to defraud and obtain money by means of material false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted, in interstate and foreign commerce, that is, from the Northern District of California to Connecticut, by means of wire communications, certain writings, signs, and signals, as set forth in the counts below:

| Count | Invoice Date | Description of Wire | Payment Amount Wired |
|---|---|---|---|
| 32 | 6/29/06 | Credit Card Payment from S.M. | $ 697.50 |
| 33 | 10/12/06 | Credit Card Payment from T.T. | $1,030.00 |
| 34 | 12/26/06 | PayPal Payment from b-strange | $ 122.64 |
| 35 | 1/11/07 | PayPal Payment from jaknjilof6177 | $ 119.60 |
| 36 | 1/30/07 | PayPal Payment from mikeaXXXXXX | $ 119.60 |
| 37 | 2/9/07 | Credit Card Payment from K.C. | $ 260.00 |
| 38 | 3/08/07 | PayPal Payment from lotto1717 | $ 160.39 |

SUPERSEDING INDICTMENT
[CR-09-670-EJD]                 9

| 39 | 4/11/07 | PayPal Payment from scott42138 | $ 579.99 |
| 40 | 5/16/07 | PayPal Payment from kengc3 | $ 235.00 |
| 41 | 9/9/07 | Credit Card Payment from A.E. | $ 592.25 |
| 42 | 12/5/07 | PayPal Payment from 76erogers | $ 180.25 |

All in violation of 18 U.S.C. §§ 1343 and 2.

COUNT FORTY-THREE:    (18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering)

32.    The factual allegations in Paragraphs 1 through 8, and Counts 2 through 42, are hereby re-alleged and incorporated herein as if set forth in full.

33.    Beginning on a date unknown, but by no later than in or about June 2006, and continuing to on or about February 2008, in the Northern District of California and elsewhere, the defendants,

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA,

and others known and unknown to the Grand Jury, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, did knowingly and intentionally conspire to conduct financial transactions affecting interstate commerce which in fact involved the proceeds of specified unlawful activity, namely criminal theft of a trade secret, trafficking in counterfeit goods, transportation of stolen goods, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1832(a)(1), 2320(a), 2314, 1341 and 1343, knowing that the transactions were designed at least in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity.

All in violation of 18 U.S.C. § 1956(h).

COUNTS FORTY-FOUR THROUGH FORTY-EIGHT:    (18 U.S.C. 1956(a)(1)(B)(i) - Money Laundering to Conceal Illegal Activity)

34.    The factual allegations in Paragraphs 1 through 8, and Counts 2 through 42, are hereby re-alleged and incorporated by reference as if set forth in full herein.

35.    On or about the dates set forth in the separate counts below, in the Northern

SUPERSEDING INDICTMENT
[CR-09-670-EJD]                    10

District of California, and elsewhere, the defendants

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

knowing that the property involved in the financial transaction represented proceeds of some form of unlawful activity, did knowingly and willfully conduct and attempt to conduct the financial transactions set forth below, affecting interstate and foreign commerce, all of which involved the proceeds of specified unlawful activity, namely criminal theft of a trade secret, trafficking in counterfeit goods, transportation of stolen goods, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1832(a)(1), 2320(a), 2314, 1341 and 1343, knowing that each transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of those specified unlawful activities, to wit: the defendants established and used bank accounts in the names of nominee entities including Toaplan Ltd and B.B. to conceal the proceeds of the unlawful activity:

| Count | Date | Financial Transaction |
|-------|------|----------------------|
| 44 | 2/7/07 | $6000 wire transfer to Toaplan Account |
| 45 | 8/1/07 | $3,500 wire transfer to Toaplan Account |
| 46 | 12/5/06 | $10,000 wire transfer to B.B. Account |
| 47 | 12/6/06 | $10,000 wire transfer to B.B. Account |
| 48 | 4/5/07 | $2,000 wire transfer to B.B. Account |

All in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

COUNTS FORTY-NINE THROUGH FIFTY-THREE: (18 U.S.C. § 1957(a) - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

36.     The factual allegations in Paragraphs 1 through 8, and Counts 2 through 42 are hereby re-alleged and incorporated by reference as if set forth in full herein.

37.     On or about the dates set forth in the separate counts below, in the Northern District of California, and elsewhere, the defendant

SUPERSEDING INDICTMENT
[CR-09-670-EJD]                                    11

DAVID RUSSELL FOLEY

did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 derived from specified unlawful activity that took place in the United States, namely criminal theft of a trade secret, in violation of Title 18, United States Code, Section 1832(a)(1); trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320(a); transportation of stolen goods, in violation of Title 18, United States Code, Section 2314; and wire fraud and mail fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, as follows:

| Count | Date | Financial Transaction | Amount |
|-------|------|----------------------|--------|
| 49 | 6/29/06 | Down payment for Los Gatos, California home | $95,668.93 |
| 50 | 6/29/06 | Down payment for Los Gatos, California home | $35,463.47 |
| 51 | 5/16/07 | Mortgage payment for Los Gatos, California home | $16,874.85 |
| 52 | 8/21/07 | Mortgage payment for Los Gatos, California home | $16,874.85 |
| 53 | 1/22/08 | Mortgage payment for Los Gatos, California home | $18,067.87 |

All in violation of 18 U.S.C. § 1957(a).

FIRST FORFEITURE ALLEGATION:     (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

      38.     The factual allegations contained in Paragraphs 1 through 9, paragraphs 12 through 22, and counts 1, 27 through 42, and 44 through 48 of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

      39.     Upon conviction of any of the offenses alleged in counts 1, 27 through 42, and 44 through 48 of this Superseding Indictment, the defendants

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property constituting, and derived from, proceeds the defendants obtained, directly or indirectly, as the result of said violations, including

SUPERSEDING INDICTMENT
[CR-09-670-EJD]                              12

but not limited to the following property:

      a.    a sum of money equal to the total amount of proceeds defendants derived from the commission of said offenses.

40.    If, as a result of any act or omission of the defendants, any of said property

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property that cannot be divided without difficulty,

any and all interest the defendants have in any other property, up to the value of the property described in Paragraph 40 above, shall be forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

SECOND FORFEITURE ALLEGATION:   (18 U.S.C. § 982(a)(1))

41.    The factual allegations contained in Paragraphs 1 through 9, paragraphs 12 through 22, and counts 27 through 42 of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

42.    Upon conviction of any of the offenses alleged in Counts 32 through 42 of this Indictment, the defendants

DAVID RUSSELL FOLEY, and<br>MICHAEL DADDONA

shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), all right, title, and interest in property, real and personal, involved in said violations, or any property traceable to such property, including but not limited to the following:

      a.    all commissions, fees, and other property constituting proceeds of said offenses;

SUPERSEDING INDICTMENT
[CR-09-670-EJD]          13

      b.     all property used in any matter to commit or facilitate the commission of said offenses;

      c.     a sum of money equal to the total amount of money involved in the commission of said offenses.

43.    If, as a result of any act or omission of the defendant, any of said property

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to or deposited with, a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property that cannot be divided without difficulty,

any and all interest the defendant has in any other property, up to the value of the property described in Paragraph 43 above, shall be forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

DATED:

8/17/2011

A TRUE BILL.

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
MATTHEW A. PARRELLA
Chief, Computer Hacking and Intellectual Property Unit

(Approved as to form: _____)
AUSA RICHARD CHENG

SUPERSEDING INDICTMENT
[CR-09-670-EJD]               14

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

### OFFENSE CHARGED

*SEE ATTACHMENT*

☐ Petty
☐ Minor
☐ Misde-
  meanor
☑ Felony

PENALTY:
*SEE ATTACHMENT*

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED

─── DEFENDANT - U.S.

2011 AUG 18  P 1: 19

DAVID RUSSELL FOLEY

DISTRICT COURT NUMBER   RICHARD W. WIEKING
CR09-00670             CLERK, U.S. DISTRICT COURT
                       N.D. CA. SAN JOSE

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

S/A Gregory S. Fine -FBI

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:            SHOW
☐ U.S. Att'y ☐ Defense   DOCKET NO.
☐ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)   MAGISTRATE
before U.S. Magistrate regarding    CASE NO.
this defendant were recorded under

Name and Office of Person
Furnishing Information on   MELINDA HAAG
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   RICHARD CHENG

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
   was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other   } ☐ Fed'l ☐ State
     charges

· If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    give date
                       filed

                       Month/Day/Year
DATE OF
ARREST

Or... if Arresting Agency & Warrant were not

                       Month/Day/Year
DATE TRANSFERRED
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
                                      or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

                       Date/Time:

                       Before Judge:

Comments:

PENALTY SHEET FOR SUPERSEDING INDICTMENT

United States v. David Russell Foley and Michael Daddona
Criminal Case No. CR-09-670-EJD

**Count 1:**     18 U.S.C. §§ 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud
(Foley and Daddona)
<u>Maximum Penalties:</u>  20 years imprisonment, 3 years supervised release, $250,000 fine (or twice the gross gain or loss), and $100 mandatory special assessment

**Counts 2-24:**  18 U.S.C. §§ 2320(a), and 2–Trafficking in Counterfeit Goods;

Aiding and Abetting (Foley and Daddona)

<u>Maximum Penalties:</u> 10 years imprisonment, 3 years supervised release, $250,000 fine, and a $100 mandatory special assessment.

**Count 25:**   18 U.S.C. §2314 and 2–Transportation of Stolen Goods; Aiding and Abetting
(Foley Only)

<u>Maximum Penalties:</u> 10 years imprisonment, 3 years supervised release, $250,000 fine, and a $100 mandatory special assessment.

**Count 26:**   18 U.S.C. §§ 1832(a)(1)–Theft of Trade Secrets (Foley Only)

<u>Maximum Penalties:</u>  10 years imprisonment, 3 years supervised release, $5,000,000 fine, and a $100 mandatory special assessment

**Counts 27-31:** 18 U.S.C. §§ 1341 and 2–Mail Fraud; Aiding and Abetting
(Foley and Daddona)
<u>Maximum Penalties:</u>  20 years imprisonment, 3 years supervised release, $250,000 fine (or twice the gross gain or loss), and a $100 mandatory special assessment.

**Counts 32-42:** 18 U.S.C. §§ 1343 and 2–Wire Fraud; Aiding and Abetting
(Foley and Daddona)
<u>Maximum Penalties:</u>  20 years imprisonment, 3 years supervised release; $250,000 fine (or twice the gross gain or loss), and a $100 mandatory special assessment

**Count 43:**   18 U.S.C. §§ 1956(h)–Conspiracy to Commit Money Laundering; Aiding and Abetting (Foley and Daddona)
<u>Maximum Penalties:</u>  10 years imprisonment, 3 years supervised release, $250,000 fine (or twice the amount of the criminally derived property involved in the transaction), and a $100

mandatory special assessment

**Counts 44-48: 18 U.S.C. §§ 1956(a)(1)(B)(i)–Money Laundering to Conceal Illegal Activity Aiding and Abetting** (Foley and Daddona
<u>Maximum Penalties</u>: 20 years imprisonment, 3 years supervised release, $500,00 fine (or twice the amount of the criminally derived property involved in the transaction), and a $100 mandatory special assessment

**Counts 49-53: 18 U.S.C. §§ 1957–Engaging In Money Laundering Transactions In Property Derived From Specified Unlawful Activity** (Foley Only)
<u>Maximum Penalties</u>: 10 years imprisonment, 3 years supervised release, $250,000 fine (or twice the amount of the criminally derived property involved in the transaction), and a $100 mandatory special assessment.

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| --- |
| NORTHERN DISTRICT OF CALIFORNIA |

### OFFENSE CHARGED

*SEE ATTACHMENT*

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
*SEE ATTACHMENT*

DEFENDANT - U.S.

► MICHAEL DADDONA    2011 AUG 18  P 1:19

DISTRICT COURT NUMBER    RICHARD W. WIEKING
CR09-00670    CLERK, U.S. DISTRICT COURT
NO. OF SAN JOSE

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

S/A Gregory S. Fine -FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:      SHOW
    ☐ U.S. Att'y  ☐ Defense    DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under    MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on    MELINDA HAAG
    THIS FORM
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    RICHARD CHENG

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges      } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes   If "Yes"
been filed?   ☐ No    give date
                       filed
                       Month/Day/Year

DATE OF
ARREST

Or... if Arresting Agency & Warrant were not
                       Month/Day/Year
DATE TRANSFERRED ►
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## PENALTY SHEET FOR SUPERSEDING INDICTMENT

### United States v. David Russell Foley and Michael Daddona
Criminal Case No. CR-09-670-EJD

**Count 1:**   **18 U.S.C. §§ 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud**
(Foley and Daddona)
<u>Maximum Penalties</u>:   20 years imprisonment, 3 years supervised release,
$250,000 fine (or twice the gross gain or loss), and $100
mandatory special assessment

**Counts 2-24: 18 U.S.C. §§ 2320(a), and 2–Trafficking in Counterfeit Goods;**

**Aiding and Abetting** (Foley and Daddona)

<u>Maximum Penalties</u>: 10 years imprisonment, 3 years supervised release, $250,000
fine, and a $100 mandatory special assessment.

**Count 25:**   **18 U.S.C. §2314 and 2–Transportation of Stolen Goods; Aiding and Abetting**
(Foley Only)

<u>Maximum Penalties</u>: 10 years imprisonment, 3 years supervised release, $250,000
fine, and a $100 mandatory special assessment.

**Count 26:**   **18 U.S.C. §§ 1832(a)(1)–Theft of Trade Secrets** (Foley Only)

<u>Maximum Penalties</u>:  10 years imprisonment, 3 years supervised release,
$5,000,000 fine, and a $100 mandatory special assessment

**Counts 27-31: 18 U.S.C. §§ 1341 and 2–Mail Fraud; Aiding and Abetting**
(Foley and Daddona)
<u>Maximum Penalties</u>:  20 years imprisonment, 3 years supervised release,
$250,000 fine (or twice the gross gain or loss), and a $100
mandatory special assessment.

**Counts 32-42: 18 U.S.C. §§ 1343 and 2–Wire Fraud; Aiding and Abetting**
(Foley and Daddona)
<u>Maximum Penalties</u>:  20 years imprisonment, 3 years supervised release;
$250,000 fine (or twice the gross gain or loss), and a $100
mandatory special assessment

**Count 43:**   **18 U.S.C. §§ 1956(h)–Conspiracy to Commit Money Laundering; Aiding and
Abetting** (Foley and Daddona)
<u>Maximum Penalties</u>:  10 years imprisonment, 3 years supervised release,
$250,000 fine (or twice the amount of the criminally
derived property involved in the transaction), and a $100

mandatory special assessment

**Counts 44-48: 18 U.S.C. §§ 1956(a)(1)(B)(i)–Money Laundering to Conceal Illegal Activity Aiding and Abetting** (Foley and Daddona

<u>Maximum Penalties</u>: 20 years imprisonment, 3 years supervised release, $500,00 fine (or twice the amount of the criminally derived property involved in the transaction), and a $100 mandatory special assessment

**Counts 49-53: 18 U.S.C. §§ 1957–Engaging In Money Laundering Transactions In Property Derived From Specified Unlawful Activity** (Foley Only)

<u>Maximum Penalties</u>: 10 years imprisonment, 3 years supervised release, $250,000 fine (or twice the amount of the criminally derived property involved in the transaction), and a $100 mandatory special assessment.

